**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DOROTHY GIVENS,  :  <br> : <br> Plaintiff,  :    CASE NO.: 1:13-CV-16 (WLS) <br> : <br> v.  : <br> : <br> PUBLIX SUPER MARKETS, INC., *et al*,  : <br> : <br> Defendants.  : <br> _____  : | |

### ORDER

Before the Court is Plaintiff's Objection to Defendant's Removal of Action to Federal Court and Motion to Remand the Subject Action to Dougherty County State Court. (Doc. 5.) Based on the following, Plaintiff's Motion is **GRANTED.**

### PROCEDURAL BACKGROUND

On January 22, 2013, Plaintiff Dorothy Givens filed a Renewal Complaint for Damages against Defendant in State Court of Dougherty County, Georgia. (Doc. 1-2 at 1.) Plaintiff sought $42,022.30 for medical bills arising from Defendant's alleged negligence, "general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury [and] future medical expenses in an unspecified amount." (Doc. 5 at 2.) Defendant removed the case to federal court on January 31, 2013, alleging diversity jurisdiction. (Doc. 1 at 2.) Plaintiff moved to remand the case February 20, 2013, claiming that removal is improper because the amount in controversy does not confer federal diversity jurisdiction. (Doc. 5 at 2.) Defendant responded to Plaintiff's Motion to Remand on March 14, 2013. (Doc. 6.) Defendant's

Response was filed within 21 days, plus additional three days, as provided by the Local Rules. *See* M.D. Ga. Local R. 6.3, 7.2; *see also* Fed. R. Civ. P. 6(d).

## DISCUSSION

A defendant may remove a case from state court within thirty days from when the initial complaint is received by the defendant, or when the case otherwise becomes one over which a federal court would have original jurisdiction. 28 U.S.C. §§ 1441, 1446(b)(1). Subject matter jurisdiction exists by virtue of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time during the course of the suit's pendency the court lacks jurisdiction, the case must be remanded back to the state court from whence it came. 28 U.S.C. § 1447(c). Removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). However, courts should be mindful that removal is not to be used to gain a tactical advantage by avoiding an inconvenient trial setting. *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683, 687 (S.D. Ala. 1985).

"[J]urisdictional facts are assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). A court may not engage in "impermissible speculation" as to the amount in controversy without any evidence on the value of the claims at issue in a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir.

2007). The party advocating removal may introduce evidence demonstrating that jurisdictional requirements are satisfied. *See Pretka* at 774-75. The removing party has the burden to prove facts supporting jurisdiction by a preponderance of the evidence. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

In its Notice of Removal, Defendant alleges that this Court has original jurisdiction because the parties are completely diverse and the amount in controversy meets the jurisdictional requirement. (Doc. 1 at 2.) Defendant supports this assertion by attaching Plaintiff's complaint that alleges medical expenses in the amount of $42,022.30. (Doc. 1-2 at 8.) Defendant argues that this Court should use its "judicial experience and common sense" to conclude that the required amount in controversy is satisfied. (Doc. 6 at 5.) Defendant does not introduce any evidence to support its contention that the amount in controversy exceeds $75,000 or articulate how the amount is met.

In her Motion to Remand, Plaintiff argued that remand is proper because Defendant did not meet its burden of demonstrating by a preponderance of the evidence that the amount of controversy exceeds $75,000. (Doc. 5 at 2.) Plaintiff based her argument on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). In that case, the defendant sought to remove based on the Class Action Fairness Act ("CAFA") of 2005. *Id.* at 1188. The plaintiff's complaint did not specify the award amount sought. *Id.* The defendant argued that the threshold amount in controversy was met because with the number of plaintiffs in the suit, each plaintiff's claim would only need to be $12,500 for the aggregate amount in controversy to reach the $5 million required by CAFA. *Id.* at 1189. The defendant also claimed that recent mass tort actions in Alabama had received

3

jury verdicts or settlements in excess of $5 million.  *Id.*  The defendant did not provide any further evidence to support its position.  *Id.*  The Eleventh Circuit held that the defendant failed to demonstrate that the amount in controversy exceeded the jurisdictional amount by a preponderance of the evidence.  *Id.* at 1221.

In its Response to Plaintiff's Motion to Remand, Defendant urges the Court to disregard *Lowery* based on *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).  *Lowery* and *Pretka* involved removal in a case with subject matter jurisdiction based on CAFA.  *Pretka*, 608 F.3d at 751; *Lowery*, 483 F.3d at 1187.  The question in both cases was whether the $5 million amount in controversy requirement was satisfied.  *Pretka*, 608 F.3d at 751; *Lowery*, 483 F.3d at 1189.  The plaintiffs in *Pretka* alleged the amount in controversy to be "in excess of $15,000.00, exclusive of interest, costs and attorney's fees."  *Pretka*, 608 F.3d at 748.  The plaintiffs in *Lowery* alleged damages in an amount "in excess of the [state court's $3,000] minimum jurisdictional limit." *Lowery*, 483 F.3d at 1188.

*Pretka* distinguished removals under the first paragraph of 28 U.S.C. § 1446(b), which was at issue in *Pretka*, from removals under the second paragraph of 28 U.S.C. § 1446(b), which was at issue in *Lowery*.  *Pretka*, 608 F.3d at 757-58.  First paragraph removal deals with cases where the jurisdictional requirements for removal are met when the initial complaint and summons are served, and second paragraph removal deals with cases where the jurisdictional requirements are met at some later time.  *Id.* The *Pretka* Court explicitly specified two portions of *Lowery* that are "arguably inconsistent with the result reached in" *Pretka*. *Id.* at 762.  Both of these inconsistencies involve the "receipt from the plaintiff" rule which holds that, where removal was not initially proper but later becomes proper due to changed circumstances, *i.e.* second

4

paragraph cases, "the defendant's receipt of a document indicating that the case 'has become removable' opens a new 30-day window for removal." *Id.* at 760.

The conflict between *Lowery* and *Pretka*[1] does not apply to this case because timing is not at issue. Instead, the only issue raised by the parties to this case involve whether the amount in controversy is satisfied. (*See* Docs. 5 at 2, 6 at 4.) Importantly, *Lowery* and *Pretka* agree that the proponent of removal has the burden to demonstrate the amount in controversy by a preponderance of the evidence, and that burden may be met by introducing evidence. *See Pretka*, 608 F.3d at 768; *Lowery*, 483 F.3d at 1208-09.

In this case, the Court finds that Defendant has failed to meet its burden of proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Plaintiff alleges medical expenses of only $42,022.30, and seeks general damages and damages associated with future medical bills. (Doc. 1-2 at 8.) Defendant argues that "this Court can make reasonable deductions, reasonable inferences, and reasonable extrapolations to determine whether the amount in controversy is exceeded by the claims alleged in Plaintiff Givens' Complaint." (Doc. 6 at 5.) Although it is true that this Court is not required to "suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount," *Pretka*, 608 F.3d at 759, this Court is not permitted to speculate as to the amount in controversy without the benefit of evidence in support thereof. *Id.* at 752. Since Defendant has offered no evidence that the amount in controversy exceeds $75,000,

---

[1] "There are two statements in the *Lowery* opinion with which we disagree and that are at least arguably inconsistent with the result we reach in this case. The first one is that the 'receipt from the plaintiff' rule is not limited to removals made under the second paragraph of § 1446(b) but applies to first paragraph removals as well… The second statement in the *Lowery* opinion with which we disagree and that is at least arguably inconsistent with the result we reach here is the suggestion that its 'receipt from the plaintiff' rule would apply to any case in which the complaint seeks unliquidated damages." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762-764 (11th Cir. 2010) (citation omitted).

5

Defendant has failed to meet its burden to prove same by a preponderance of the evidence.

Defendant also points to *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010) to support its contention that this Court should find that the amount in controversy requirement is satisfied. (Doc. 6 at 3.) In *Roe*, the plaintiff did not allege a specific damages amount. Nonetheless, the court found that the amount in controversy exceeded $75,000 because the defendant was allegedly responsible for the loss of a human life due to conduct with a reckless or conscious disregard for the safety of others. *Id.* at 1066. *Roe* cited two additional cases to support its holding, both of which involved plaintiffs that failed to allege a specific damages request. In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999), the court held that the amount in controversy requirement was met despite the fact that no specific damages request was made. The plaintiff alleged property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework. *Id.* In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), the court held the amount was satisfied because the nature of the "allegations support[ed] a substantially large[] monetary basis to confer removal jurisdiction." The plaintiff had alleged medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *Id.*

The instant case is distinct from *Roe*, *Luckett*, and *Gebbia*. Plaintiff alleges $42,022.30 in medical expenses, and general damages and future medical expenses "in an amount to be determined by the enlightened conscience of a fair and impartial jury." (Doc. 1-2 at 8.) The complaint does not indicate severe or permanent injuries, nor does

6

it allege reckless, intentional, or wanton conduct by Defendant. As such, it is not facially obvious from the complaint that the amount in controversy exceeds $75,000. Although further proceedings in this case *may* render a settlement or verdict in excess of $75,000, this Court has no evidence upon which to base such a finding. Furthermore, the Court does not find any suggestion that Plaintiff is seeking remand to gain a tactical advantage or litigate in a more favorable forum.

Based on the foregoing, the Court finds that Defendant did not meet its burden of proving the jurisdictional bases for removal to federal court. Therefore, Plaintiff's Objection to Defendant's Removal of Action to Federal Court and Motion to Remand the Subject Action to Dougherty County State Court (Doc. 5) is **GRANTED.**

**SO ORDERED**, this 26th day of August, 2013.

 /s/ W. Louis Sands _____
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**